MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
JAMES A. GOEKE
Assistant United States Attorney
Post Office Box 1494
Spokane, WA   99210-1494
Telephone:   (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2013

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO:   13-CR-0026-LRS- |
| | ) | |
| vs. | ) | **PRE-TRIAL DIVERSION** |
| | ) | **AGREEMENT** |
| ERNESTO HERNANDEZ CRUZ, | ) | |
| | ) | |

### PRE-TRIAL DIVERSION AGREEMENT

It is alleged by a Superseding Indictment returned by the Grand Jury on July 25, 2013, ECF No. 168, in this matter that ERNESTO HERNANDEZ CRUZ committed the following offenses against the United States in the Eastern District of Washington:

- Count 1, charging the Defendant with Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2));

- Count 5, charging the Defendant with Possession of Fifteen or More Counterfeit Access Devices, in violation of 18 U.S.C. § 1029(a)(3); and,

- Count 8, charging the Defendant with Trafficking in Counterfeit Access Devices in violation of 18 U.S.C. § 1029(a)(1)).

ERNESTO HERNANDEZ CRUZ agrees that the United States could prove these allegations if this matter proceeded to trial.   It appears, however, after an investigation of the offenses and ERNESTO HERNANDEZ CRUZ's background, that the interests of the United States and ERNESTO HERNANDEZ CRUZ's own interests, and the interests of justice, will be served by the following procedure, therefore:

On the authority of the Attorney General of the United States, by MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, prosecution in this District for this offense shall be deferred for a period of 24 months from the date of the filing of this Pre-Trial Diversion Agreement, provided ERNESTO HERNANDEZ CRUZ abides by the following conditions and the requirements of the Pre-Trial Diversion program set out below.

Should ERNESTO HERNANDEZ CRUZ violate any conditions of this supervision, the United States Attorney or his designee may revoke or modify any conditions of this Pre-Trial Diversion program or change the period of supervision for an additional period which shall in no case exceed 12 additional months from the original termination date of the diversion agreement.   The United States Attorney may release ERNESTO HERNANDEZ CRUZ from supervision at any time.   The United States Attorney may at any time within the period of ERNESTO HERNANDEZ CRUZ's supervision reinitiate prosecution for this offense should ERNESTO HERNANDEZ CRUZ violate the conditions of this supervision and will furnish ERNESTO HERNANDEZ CRUZ with notice specifying the conditions of the program which he violated.   ERNESTO HERNANDEZ CRUZ agrees that the determination of whether ERNESTO HERNANDEZ CRUZ has violated the terms of this Pre-Trial Diversion Agreement shall be made solely by the United States Attorney's Office and shall not be reviewable by the Court or any other entity.

If, upon successful completion of the program and ERNESTO HERNANDEZ CRUZ's period of supervision, the United States Attorney's Office receives a Pre-Trial Diversion report from the United States Probation Office to the effect that ERNESTO HERNANDEZ CRUZ has complied with all the rules, regulations and conditions above

mentioned, the United States will move to dismiss, with prejudice, the Superseding Indictment in this matter at ECF No. 168.

Neither this Agreement nor any other document filed with the United States Attorney as a result of ERNESTO HERNANDEZ CRUZ's participation in the Pre-Trial Diversion Program will be used against ERNESTO HERNANDEZ CRUZ in connection with any prosecution for the above described offense or be provided to any other person or entity other than the United States Attorney's Office, United States District Court, and the United States Probation Office without Court order or as otherwise required by law, except that as part of this Pre-Trial Diversion Agreement, ERNESTO HERNANDEZ CRUZ, agrees to submit to a full and complete debrief with law enforcement regarding the facts alleged in the Superseding Indictment and any other matters of concern to law enforcement.

## CONDITIONS OF PRE-TRIAL DIVERSION AGREEMENT

1.  ERNESTO HERNANDEZ CRUZ shall not commit a violation of any law (federal, state and local).   This condition shall not apply to infractions. ERNESTO HERNANDEZ CRUZ shall immediately contact his Pre-Trial Diversion supervisor if arrested and/or questioned by any law enforcement officer.

2.  ERNESTO HERNANDEZ CRUZ shall be employed regularly at a lawful occupation and/or seek employment at a lawful occupation.

3.  ERNESTO HERNANDEZ CRUZ shall complete 250 hours of community service work with an organization approved by the United States Probation Office for the Eastern District of Washington.   The community service work is to be performed during the 24 month term this Pre-Trial Diversion Agreement. ERNESTO HERNANDEZ CRUZ agrees that failure to complete the 250 hours of community service work required by this Pre-Trial Diversion Agreement will be deemed a violation of this Pre-Trial Diversion Agreement.

4.  ERNESTO HERNANDEZ CRUZ shall continue to live in this judicial district. If ERNESTO HERNANDEZ CRUZ desires to move out of the district, he shall

obtain permission from his diversion supervisor so that the appropriate transfer of program responsibility can be made prior to his relocation.

5. ERNESTO HERNANDEZ CRUZ shall report to his diversion supervisor as directed and keep him/her informed of your whereabouts.

6. ERNESTO HERNANDEZ CRUZ shall not possess, control and/or consume any controlled substance without a valid prescription or items commonly used for the consumption of such substances (drug paraphernalia), or be in any place where such substances are located, controlled and/or consumed.   Prescription drugs shall not include marijuana. *Abstinence shall be confirmed by no more than 6 drugtests administered by U.S. Probation per month.*

*11/06/13*
*JAngKF*
*EH*

7. ERNESTO HERNANDEZ CRUZ agrees that the following assets shall be subject to forfeiture as property that facilitated the crimes alleged in the Superseding Indictment in this case and as property that constitutes the fruits of the crimes alleged in the Superseding Indictment in this case.   Accordingly, ERNESTO HERNANDEZ CRUZ agrees to voluntarily forfeit all right, title and interest he may have in the following listed assets in favor of the United States Secret Service, and hereby agrees to execute any and all forms and pleadings necessary to effectuate the assets' administrative forfeiture:

VEHICLES SEIZED IN THE EASTERN DISTRICT OF
WASHINGTON ON OR ABOUT FEBRUARY 20, 2013:

-1990 Black Ford Truck, Washington license plate B50816S, VIN: 2FTJW35M8LCA66535;

-2005 White Hummer SUV, Washington license plate AJP0727,VIN: 5GRGN23U95H110207;

-1999 White Ford Truck Washington license plate B06587W, VIN: 1FTSW31F6XEC40839; and,

-2001 Black Ford Truck Washington license plate B69016U, VIN: 1FTWW32FX1EB24423.

U.S. CURRENCY SEIZED IN THE EASTERN DISTRICT OF
WASHINGTON ON OR ABOUT FEBRUARY 20, 2013:

-Approximately $2,246.00 U.S. currency seized on or about
February 20, 2013.

ASSETS SEIZED IN THE NORTHERN DISTRICT OF GEORGIA ON
OR ABOUT FEBRUARY 21, 2013:

-Memorex DVD-R (Item #24 on SSF 1544 #410 2013 CE 92);
-Seagate 200GB HD bearing S/N 5ND3KEM0;
-Western Digital 250 GB HD bearing S/N: WX80A5994739;
-Western Digital 640GB HD bearing S/N: WCASYC244016;
-Western Digital 500 GB HD bearing S/N: WX61A80K2782;
-Seagate 500 GB HD bearing S/N: S2WHZSF4; and,
-Approximately $850.00 U.S. currency seized on or about February 21,
2013.

8.   ERNESTO HERNANDEZ CRUZ stipulates that the assets listed herein were
used or intended to be used to commit or facilitate the commission of identity
theft violations as charged in the Superseding Indictment in this case and/or are
proceeds of the identity theft violations as charged in the Superseding
Indictment.   ERNESTO HERNANDEZ CRUZ understands and agrees that all
property identified for forfeiture in this Pre-Trial Diversion Agreement is subject
to forfeiture as proceeds of illegal conduct, property involved in illegal conduct
giving rise to forfeiture, and/or substitute assets for property otherwise subject to
forfeiture.   In particular, ERNESTO HERNANDEZ CRUZ admits that the 2005
White Hummer SUV, Washington license plate AJP0727,VIN:
5GRGN23U95H110207 constitutes proceeds of the identity theft violations as
charged in the Superseding Indictment and understands that the 1990 Black Ford
Truck, Washington license plate B50816S, VIN: 2FTJW35M8LCA66535, the
1999 White Ford Truck Washington license plate B06587W, VIN:
1FTSW31F6XEC40839, and the 2001 Black Ford Truck Washington license
plate B69016U, VIN: 1FTWW32FX1EB24423 were all modified to transport

diesel fuel obtained as part of and during the commission of the identify theft violations as charged in the Superseding Indictment in this case.

9.   ERNESTO HERNANDEZ CRUZ agrees to waive all Constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Pre-Trial Diversion Agreement concerning the property listed herein on any grounds, including that the forfeiture constitutes an excessive fine or punishment.   ERNESTO HERNANDEZ CRUZ agrees to hold all law enforcement officers and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this Pre-Trial Diversion Agreement and/or seized during this investigation. ERNESTO HERNANDEZ CRUZ further agrees not to contest any administrative forfeiture proceedings initiated against the above-listed assets by the United States Secret Service, and waives further notice of any proceedings involving the forfeiture of the seized assets listed in this Pre-Trial Diversion Agreement.

10.   ERNESTO HERNANDEZ CRUZ agrees to submit to a full and complete debrief with law enforcement regarding the facts alleged in the Superseding Indictment and any other matters of concern to law enforcement.   The debrief shall occur as soon as practicable.   ERNESTO HERNANDEZ CRUZ agrees that any failure to provide truthful responses during the debrief will be grounds for the United States Attorney's Office to terminate, at its sole discretion, this Pre-Trial Diversion Agreement and reinitiate the charges in the Superseding Indictment in this matter (ECF No. 168) against ERNESTO HERNANDEZ CRUZ.

## REQUEST FOR PRE-TRIAL DIVERSION
## BY ERNESTO HERNANDEZ CRUZ

I, ERNESTO HERNANDEZ CRUZ, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an Indictment, Information, or Complaint for unnecessary

delay in presenting a charge to the Grand Jury, filing an Information, or in bringing a defendant to trial.    I hereby request that the United States Attorney for the Eastern District of Washington defer any prosecution of me for a period of 24 months for the following violations alleged in the Superseding Indictment returned by the Grand Jury in this matter on July 25, 2013, ECF No. 168:

- Count 1, charging me with Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2));

- Count 5, charging me with Possession of Fifteen or More Counterfeit Access Devices, in violation of 18 U.S.C. § 1029(a)(3); and,

- Count 8, charging me with Trafficking in Counterfeit Access Devices in violation of 18 U.S.C. § 1029(a)(1)).

To induce the United States Attorney for the Eastern District of Washington to defer such prosecution, I, ERNESTO HERNANDEZ CRUZ, agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for the effective period of this Diversion Agreement.    I, ERNESTO HERNANDEZ CRUZ

///

///

///

///

PRE-TRIAL DIVERSION AGREEMENT - PAGE 7 of 8

also agree to all of the terms and conditions set forth in this Pre-Trial Diversion Agreement.

I hereby state that the above has been read by me and explained to me by my attorney. I understand the conditions of my Pre-Trial Diversion and agree that I will comply with them.

_____    11-06-13
ERNESTO HERNANDEZ CRUZ                DATE

_____    11-06-13
JEFFRY K. FINER                              DATE
Attorney for ERNESTO HERNANDEZ CRUZ

_____    11/06/2013
JAMES A. GOEKE                             DATE
Assistant United States Attorney

_____    11/6/2013
U.S. PROBATION OFFICER                DATE


This Pre-Trial Diversion Agreement was interpreted and read in Spanish to ERNESTO HERNANDEZ CRUZ by the below signed Spanish language interpreter:

_____    11/6/13
SPANISH LANGUAGE INTERPRETER    DATE


APPROVED without passing judgment on the merits or wisdom of this diversion.

_____    11/06/2013
HONORABLE LONNY R. SUKO            DATE
United States District Court Judge


PRE-TRIAL DIVERSION AGREEMENT - PAGE 8 of 8